UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| PATRICIO CORPORAN, | ) | CASE NO. 4:08 CV 1779 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| UNITED STATES, | ) | AND ORDER |
| | ) | |
| Defendant. | ) | |

Pro se plaintiff Patricio Corporan filed the above captioned action under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and §2671, and includes a Bivens[1] claim for violation of the Eighth Amendment. In the complaint, plaintiff alleges that he was assaulted by a fellow inmate at the Federal Correctional Institution at Elkton, Ohio ("FCI-Elkton"). He seeks $ 10,000,000.00.

## Background

Mr. Corporan has been incarcerated in FCI-Elkton since September 2004. He contends that another inmate, Garcia-Campion, threw hot water on him while he was standing in

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

the restroom and hit him with a lock placed in a sock on January 13, 2007.[2] Upon exiting the restroom, Mr. Corporan spotted Mr. Garcia-Campion by the vending machines. He grabbed a broom handle from a nearby cubicle and ran over to him. He broke the handle into two pieces and began hitting Mr. Garcia-Campion with it. Inmate Gutierrez witnessed the attack on Inmate Garcia-Campion and intervened. He began hitting Mr. Corporan in the back of the head, at which point Mr. Corporan turned his attention to Mr. Gutierrez and hit him with the broom handle. While Mr. Corporan was engaged with Mr. Gutierrez, Mr. Garcia-Campion resumed his attack on Mr. Corporan with the lock in a sock. After the altercation, Mr. Corporan went into the restroom to clean himself off. He was followed by Mr. Gutierrez and another inmate. A corrections officer saw Mr. Gutierrez go into the restroom behind Mr. Corporan and investigated. Another altercation erupted between the inmates. The officer triggered his body alarm and the fight was stopped. Mr. Corporan, Mr. Gutierrez and Mr. Garcia-Campion were taken to the Salem Community Hospital where they were treated and released.

All three inmates were charged with the disciplinary infraction of fighting. When asked why he attacked Mr. Corporan, Inmate Garcia-Campion stated that Mr. Corporan made comments about a member of his family who had been murdered in Columbia. The inmates involved, including Mr. Corporan, were found guilty of fighting. The Disciplinary Hearing Officer ("DHO") stated to Mr. Corporan:

> The DHO did consider your statement that you received the worst injuries and you felt your actions were justified; however, the DHO feels you are equally culpable as the other inmates involved in this incident and will be held accountable. As noted, you had several

---

[2] Mr. Corporan refers to this inmate as "Garcia Campion." The Disciplinary Hearing Officer referred to him as "Garcia Campino."

2

> opportunities to leave the area and inform staff; however, you elected to take care of the situation on your own. By your own statement you admitted that you left the restroom to obtain a stick to be utilized to strike other inmates during this altercation. Additionally, as Officer Smiley reported in his memo, you charged Gutierrez by striking him on the back and face area with closed fists. Again you had a[n] opportunity to seek staff assistance who are trained to intervene in these types of situations. With Officer Smiley on the scene at the fight, between you and Gutierrez you were no longer in danger.

(Compl. at 29.) He was sentenced to thirty days in segregation and lost twenty-seven days of good time credit.

Mr. Corporan has now filed the within tort and Bivens action against the Bureau of Prisons claiming that they are responsible for his injuries. He indicates that in 2001 or 2002, an inmate boiled water with oil in a microwave and burned several inmates while they were sleeping. Those inmates also were struck with locks in socks. He contends that after that incident, the prison should have removed all microwave ovens from the facility and should have increased the number of staff members in each unit. He states that if these things had been done, he would not have been attacked. Mr. Corporan also includes a claim for violation of the Eighth Amendment.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3] Neitzke v.

---

[3] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the
(continued...)

3

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

The Federal Tort Claims Act ("FTCA") provides the exclusive remedy against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. At the time of the incident, the inmates involved in the fight were housed in the low security camp adjacent to the main FCI-Elkton facility. Although he refers to an incident which took place six or seven years ago involving other inmates, there are no facts in the complaint which suggest that any of the current staff members knew or should have known of a potentially dangerous situation and failed to take reasonable steps to prevent the altercation from occurring.

Similarly, prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state a claim for relief, the inmate must show that he is incarcerated under conditions which pose a serious risk of harm; and that the official acted with a sufficiently culpable state of mind with regard to the inmate's health or safety. Id. The failure to segregate violent inmates from non-violent inmates has been held to constitute "deliberate indifference" where there is a pervasive risk of harm or where the victim belonged to an identifiable

---

(...continued)
reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

group of prisoners for whom risk of assault is a serious problem. Street v. Corrections Corporation of America, 102 F.3d 810, 814 (6th Cir. 1996). There is no suggestion that any of the inmates involved has a history of violence toward other inmates. There are no facts alleged in the complaint to suggest that any of the corrections officers or prison officials could have anticipated that this fight would occur.

## Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2008

---

[4] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.